# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| EMILY SHERWOOD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-200-GZS |
| | ) | |
| BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM DECISION ON MOTION TO COMPEL DISCOVERY

In accordance with my order following a telephonic discovery conference held on May 20, 2011 (Docket No. 79), counsel for the plaintiff has submitted for my *in camera* inspection the plaintiff's request or requests under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to the Food and Drug Administration (FDA). The defendants seek production of the responsive documents received by the plaintiff, but not the request or requests. The plaintiff objects on the ground, *inter alia*, that production of the documents would reveal the thoughts and/or strategy of the plaintiff's attorneys, in violation of the work product doctrine, by making obvious the specific request or requests that were made.

Treating the defendants' position as a motion to compel production of these documents, and with the benefit of my *in camera* review, I deny the motion.

The nature of the request or requests and the relatively small number of documents produced by the FDA in response both lead me to agree with the plaintiff's position. Because the plaintiff's FOIA request(s) was refined and a modest number of documents produced in

1

response, in my view, the production of those documents would reveal the nature of the plaintiff's specific request(s) and, thus, her counsel's case strategy.

While this is not the typical situation in which the doctrine is invoked, the work product doctrine provides "special protection" for an attorney's mental impressions, *Colonial Gas Co. v. Aetna Cas. & Surety Co.*, 139 F.R.D. 269, 274 (D. Mass. 1991), and that is what is truly at issue here.[1] The doctrine "is not designed to protect a confidential relationship, but rather to promote the adversary system by protecting the product of an attorney's work." *Id*. at 274-75.

It is true, as the defendants assert, that any documents produced by the FDA pursuant to a FOIA request must necessarily be public information, but, in this context, that only means that the defendants may obtain them as well, through their own FOIA request. Indeed, I assume that many of the documents held by the FDA that could be relevant to this case would have been generated by the defendants in the first place.

The defendants further contend that they have a substantial need for the documents to prepare their case and cannot obtain their substantial equivalent by other means, using the language of Fed. R. Civ. P. 26(b)(3)(A), but of course they can obtain these documents themselves. What they cannot obtain is the knowledge concerning which of the documents, available from the FDA and potentially relevant to this case, the plaintiff now has in her possession. In short, they cannot obtain knowledge about which documents were sought by the plaintiff's attorneys. Doing so would necessarily reveal the mental impressions and strategy of the plaintiff's attorneys. *In re San Juan Dupont*, 859 F.2d at 1015 ("Whatever heightened

---

[1] *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1014 (1st Cir. 1988) ("It is, therefore, not surprising that the work product doctrine has found application beyond the prototypical civil discovery realm. . . . Our adversarial system of justice cannot function properly unless an attorney is given a zone of privacy within which to prepare the client's case and plan strategy, without undue interference.")

2

protection may be conferred upon opinion work product, that level of protection is not triggered unless disclosure creates a real, nonspeculative danger of revealing the lawyer's thoughts.").

Because, under the circumstances of this case, the defendants' request for production cannot reasonably be construed to serve any purpose other than revealing the thoughts of the plaintiff's attorneys, and because, in my view, producing the result of the narrowly-tailored FOIA request(s) would reveal that thought process, I deny the defendants' motion to compel the production of the documents in dispute.

Dated this 25th day of May, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge